ST. Louis, I. M. & S. Ry. Co. *v.* CLARK *et al.*

CLARK *et al. v.* ST. Louis, I. M. & S. Ry. Co.

(Circuit Court of Appeals, Eighth Circuit. July 19, 1892.)

**1. ATTORNEY AND CLIENT—COMPENSATION—CONTRACT.**

A law firm agreed with a railroad company to institute proceedings to recover certain land. If the land was recovered the attorneys were to receive compensation commensurate with their services, but, in case of defeat, only an amount sufficient to cover expenses. The proceedings resulted in placing the fee title of the land in the company. Further action against parties claiming possession under tax sales was brought, resulting in decision adverse to the company. The company declined to appeal the case, and settled with the firm by paying an amount sufficient to cover expenses. The company afterwards appealed the case, and the decision was reversed, and the land given to the company. *Held*, that the settlement was no bar to an action by the attorneys under the provision of the contract, which guarantied to the firm the full fee if the land was ultimately recovered.

**2. SAME.**

The property recovered was worth from $25,000 to $50,000. The trial court allowed a fee of $5,000 under the agreement, deducting therefrom $2,000 due or paid to the counsel who conducted the case to final judgment in the supreme court. *Held*, that this fully met the equities of the case.

Cross Appeals from the Circuit Court of the United States for the Eastern District of Arkansas.

In Equity. Suit by S. F. Clark and S. W. Williams against the St. Louis, Iron Mountain & Southern Railway Company to enforce a lien for attorneys' fees. Decree for complainants for the sum of $2,500. Both parties appeal. Affirmed.

*S. F. Clark* and *S. W. Williams*, for complainants.

*Geo. E. Dodge* and *B. S. Johnson*, for defendant.

Before SANBORN, Circuit Judge, and SHIRAS, District Judge.

SHIRAS, District Judge. From the record in this cause it appears that in August, 1878, S. F. Clark and S. W. Williams, then partners engaged in the practice of the law under the firm name of Clark & Williams, made an agreement with J. E. Redfield, president of the Little Rock, Mississippi River & Texas Railway Company, whereby they undertook to prosecute proceedings for the recovery of a valuable section of land situated near Texarkana, which it was believed belonged of right to said railway company above named, it being further agreed that, in case the property was recovered, said Clark & Williams should be paid a large fee, commensurate to the risk, the amount of labor performed, and the character of the case; but in the event the property was not recovered they were to receive only sufficient to cover expenses. Under this agreement the firm instituted proceedings which resulted in placing the fee title of the land in the name of J. E. Redfield, and thereupon an action of ejectment was brought in the United States circuit court for the eastern district of Arkansas against certain parties, who asserted title to the land under tax sales and deeds made pursuant thereto and possession held thereunder. On the trial of this case the

court sustained the plea of the statute of limitations, and gave judgment for the defendants. By this time Mr. Redfield had ceased to be president of the railway company, the same having passed into the control of a new directory, with Henry Wood as general manager. Upon the rendition of the adverse decision in the ejectment suit, the attorneys urged that the case be appealed to the supreme court, but the parties then in control of the affairs of the company refused to further prosecute the case. Thereupon the attorneys, assuming that the proceedings for the recovery of the land had failed, sought for a settlement of their claim under the agreement that, in case of failure, they were to be paid a sum sufficient to cover expenses, and, after much negotiations the sum to be paid was fixed at $500, for which the railway company gave its promissory note, payable on or before January 1, 1886, which was paid in due season, and the attorneys executed the following receipt:

"LITTLE ROCK, ARK., June 20, 1885.

"Received of the Little Rock, Mississippi River and Texas Railway two notes of this date, and due on the first day of January, 1886,—one to Clark & Williams for five hundred dollars, and one to L. A. Pindall for three hundred and twenty-five dollars. Said notes are in full for the services of said Clark & Williams and L. A. Pindall in the suit of Redfield against Parks and others, and also in full for the services of L. A. Pindall in the prosecution of W. R. Procis⸱ for tearing up railroad track, before Esq. Somers at Arkansas City. CLARK & WILLIAMS.
"L. A. PINDALL."

January 1, 1886, the firm of Clark & Williams was dissolved, and thereafter Mr. Clark, who, it seems, had always had confidence in the case, succeeded in convincing the general manager and attorney of the railway company that there was good ground for reversing the judgment of the circuit court in the ejectment suit; and finally, in February, 1886, they authorized the suing out of a writ of error in that case to the supreme court, upon the understanding that if the judgment was reversed Clark was to be paid $1,000 for his services in the supreme court, but was to receive nothing in case the judgment was affirmed. Upon the hearing before the supreme court, the judgment below was reversed, (10 Sup. Ct. Rep. 83,) and the result was that the land was adjudged to belong to Mr. Redfield, who held the title in fact for the St. Louis, Iron Mountain & Southern Railway Company, the successor of the Little Rock, Mississippi River & Texas Railway Company. Upon the entry of the final judgment in the circuit court pursuant to the mandate of the supreme court, Messrs. Clark & Williams filed a lien thereon under the provisions of the statute of Arkansas, claiming the sum of $5,000, and brought this suit in equity in the circuit court for the eastern district of Arkansas for the enforcement of such lien against the land in question.

In substance the defendant company pleaded in defense that the payment of $500 terminated all claims on part of the firm of Clark & Williams, being a settlement in full with them, and that the further proceedings had in the supreme court were taken under the special

agreement made with S. F. Clark individually, to whom payment had been made of the $1,000 coming to him in case the suit was won. Upon the trial before the circuit court the evidence showed that the property recovered for the benefit of the railway company was worth from $25,000 to $50,000; that the legal services rendered in recovering the same were worth at least $5,000; that the company had paid the $500 for which the receipt dated June 20, 1885, was given, and the further sum of $1,000 to S. F. Clark, and had also become liable for the fees earned by other counsel associated with Mr. Clark in the argument of the case before the supreme court, estimated at $1,000; and upon the whole evidence the court held that the payment of the $500 and the execution of the receipt therefor did not, under the circumstances of the case, estop complainants from claiming further payment when the company afterwards appealed the ejectment suit and recovered the land, and that complainants were entitled to a fee of $5,000, from which should be deducted the payments made of $500 and $1,000, and the further sum of $1,000 to cover fees of other counsel at Washington, and upon this basis entered a decree for complainants awarding them the sum of $2,500. From this decree both parties have appealed to this court, the railway company claiming that complainants are not entitled to any sum, and the latter claiming that the deduction of $1,000 for fees of counsel at Washington should not have been made.

Counsel for the railway company rely upon the settlement had in 1885, the payment of $500, and the execution of the receipt of June 20, 1885, as a bar to any recovery on part of complainants for services rendered before that date. The evidence clearly shows that this settlement was entered into on the understanding that the litigation over the land was at an end, and that the company would not appeal the ejectment suit. Under these circumstances, the complainants could, under the agreement made between them and Mr. Redfield, claim from the company only a sum sufficient to cover expenses, and it was this claim that was settled by the payment of the $500. If the company had not subsequently revived the litigation, there would be no question that the payment so made would have ended all claim for compensation under the agreement made with Clark & Williams. The agreement, however, to receive $500 as payment in full, was not entered into upon the understanding that such sum represented the actual value of the services rendered, but that it represented all that the attorneys could claim under the agreement whereby they had bound themselves, in case of defeat, not to demand more than the equivalent of their expenses and outlay. The company at that time determined not to further prosecute the case, and by such determination compelled the attorneys to accept payment upon the basis of a failure to recover the land. Subsequently the company revoked the conclusion not to further prosecute the case, and, upon an appeal, changed defeat into victory. In so doing the company availed itself of all the work and services rendered by the complainants from the beginning of the litigation. Can it now equitably refuse compensation for such work and services on the ground of the settlement made in 1885 ` As already

stated, that settlement was made upon the basis of defeat in the litigation, that assumption being made by reason of the fact that the company refused to take an appeal from the adverse judgment in the ejectment suit. If it should appear that when this settlement was thus brought about the company intended, after securing the settlement with counsel, to then take an appeal and further prosecute the litigation, this would show beyond all doubt that the settlement had been obtained by actual fraud on part of the company, and it would not stand a moment in a court of equity.

The practical result is just the same, in this case, if the contention of the company is now sustained. We do not intimate or believe that when the officers of the company made the settlement in June, 1885, they then contemplated any further prosecution of the case, or intended to practice a fraud upon complainants; but having induced the complainants to accept $500 as payment in full of their claim upon the ground that no appeal would be taken in the ejectment suit, and therefore the company had derived no benefit from the services rendered by complainants, it would certainly be most inequitable to now permit the company to rely upon this settlement as an answer to the claim of the attorneys for services rendered, and which have in fact resulted in a large benefit to the company. The facts, in our judgment, fully justify the ruling of the circuit court that the payment of $500 upon the settlement made in 1885 is not a bar to the claim asserted under the provision of the contract which guarantied to the complainants a full fee in case the land was ultimately recovered for the railway company. To hold otherwise would be to give to the settlement then made a force and effect which neither of the parties then contemplated, and which would in its results work a fraud upon complainants. This settlement was effectual and binding, having relation to the situation of the case as it was then understood by the parties, but when the railway company subsequently changed the situation, and, availing itself of all the work and services previously rendered by the complainants, it revived the litigation, and succeeded in maintaining its right to the land, it thereby revived the claim on behalf of complainants to demand compensation according to the terms of the contract made with Mr. Redfield as president of the company.

The evidence also sustains the finding of the court that the services rendered in carrying through the litigation to a successful result were fairly worth the sum of $5,000, and the only question remaining for consideration is that presented by the cross appeal taken by complainants, to wit, whether the court was justified in deducting from the gross sum $1,000 to cover expenses of counsel who aided in the presentation of the case before the supreme court. What in fact the trial court found upon the amount to be paid as fees was that the total sum the company should pay was $5,000. The witnesses who testified to the value of the services included in their estimate all the work done in the circuit and supreme courts, and it was on this testimony that the finding was made, allowing the sum named as compensation for the legal services rendered.

The present complainants are now claiming the benefit of the services rendered in the supreme court, and which resulted in the judgment awarding the land to the company, and equitably they must take the burden, if they accept the benefit. The circuit court allowed $2,000 to cover the services rendered in the supreme court, and $3,000 for those in the circuit court, and upon the latter sum allowed credit for the payment of $500 made in June, 1885, thus finding due the complainants the sum of $2,500. We think this apportionment met the equities of the case, and that complainants are not in position to demand any sum in excess of that awarded them. The decree of the circuit court is therefore affirmed on both appeals, each party to pay the costs of the appeal by them taken.